IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:18-CR-006-D(54) |
| VS. | § | |
| | § | |
| RENE SOLIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Rene Solis ("Solis") filed on February 21, 2023 a motion for a writ of mandamus requesting that the court compel the United States or its agencies not to deport him [ECF No. 1809]. For the reasons that follow, the court denies the motion.

"Under 28 U.S.C. § 1361, district courts have original jurisdiction over 'any action in the nature of mandamus.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 398 (5th Cir. 2020) (citation omitted). This "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff." *Id.* (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

But under its plain language, § 1361 "does not grant jurisdiction to consider actions asking for other types of relief—such as injunctive relief," since "[a]n injunction 'is a remedy to restrain the doing of injurious acts' or to require 'the undoing of injurious acts and the restoration of the status quo,' whereas 'mandamus commands the performance of

a particular duty that rests on the defendant or respondent, by operation or law or because of official status.'" *Wolcott*, 635 F.3d at 766 (citation omitted).

Accordingly, to the extent that Solis requests that immigration officials be enjoined from deporting him, he is not entitled to a writ of mandamus under § 1361.

And even if the relief that Solis seeks should not be construed as an injunction, relief under § 1361 "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Wolcott*, 635 F.3d at 768 (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984)). Solis fails to establish any of these elements—most notably that he has a clear right to remain in the United States and that immigration officials have a clear duty not to remove him from the United States.

Accordingly, the court denies Solis' motion for a writ of mandamus and directs the clerk of court to open and close a new civil action under § 1361 based on this memorandum opinion and order.

**SO ORDERED**.

June 5, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE